**ORDERED ACCORDINGLY.**

Dated: October 01, 2009

_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**

Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85067-3970
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br>ROBERT GENE FLUSCHE,<br>and<br>DAWN MARIE FLUSCHE,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2-09-BK-02663-GBN<br><br>**ORDER DISMISSING CASE** |

The Trustee having notified the Court that the Debtors are in default $2,500 and have failed to file Federal WT-FICA returns for 6/08, 9/08, 12/08, 3/09; Federal FUTA returns for 12/08 and 12/09; State WTH holdings returns for all quarters of 2006, 2007, and 2008; and Federal and State Income Tax Returns for 2008 as required by Local Rule 2084-5, the Court finds cause for dismissing the case pursuant to 11 U.S.C. § 1307(c)(1) and (c)(4),

**NOW, THEREFORE, IT IS ORDERED:**

(A) This case is dismissed and the Clerk of the Court will give notice of the dismissal to all creditors;

(B) A motion to reinstate the case may be granted without a hearing if the Trustee approves the proposed reinstatement order. The Trustee may agree to reinstatement of the case if the Debtor files a motion for a Court order that the plan payments be payroll deducted from wages. If the Trustee does not approve of reinstatement of the case, the matter may be set for hearing upon the Debtors' motion. The Court may set a hearing on the Debtors' motion to reinstate on the request of

an interested party who had joined the Trustee's request for dismissal;

(C) Pursuant to 28 U.S.C. § 586(e)(2), the Trustee shall be paid his percentage fee from all payments received from the Debtor. After payment of the Trustee's percentage fee, subject to the provisions herein, the Trustee will retain the Debtor's funds pending Court approval of the payment of administrative expenses of the Debtor's attorney. If the Debtor's Chapter 13 Plan contained an Application for the Payment of Administrative Expenses to the Debtor's attorney and no party filed an objection to the Application, then the Debtor's attorney may lodge an Order approving the Application within ten days after the Court enters this Dismissal Order. Alternatively, the Debtor's attorney has ten days after the Court enters this Dismissal Order to file and notice out a separate fee application. The Trustee is to pay from the funds on hand any adequate protection payments previously ordered by the Court. If there is an insufficient amount of funds on hand to pay all allowed administrative expenses and adequate protection payments, then the Trustee shall pay the administrative expenses and adequate protection payment amounts pro rata. Any remaining funds will be returned to the Debtor. If the Debtor's attorney fails to timely lodge such Order or file a fee application, the Trustee may pay out the funds according to this Order; and

(D) Except as otherwise ordered, all pending adversary proceedings, contested matters, and administrative hearings relating to this case are vacated.

ORDER SIGNED AND DATED ABOVE

| | |
|---|---|
| 1 | A copy of the proposed Order Dismissing Case was mailed on or before the date signed below to: |
| 2 | |
| 3 | Robert Gene Flusche<br>Dawn Marie Flusche<br>7553 N. 183rd Ave. |
| 4 | Waddell, AZ 85355 |
| 5 | Debtors |
| 6 | |
| 7 | Victoria A. Bellomo<br>ROSACCI LAW FIRM |
| 8 | 3411 N. 32nd Street<br>Phoenix, AZ 85018 |
| 9 | Attorney for Debtors |

_____
*sanderson@ch13bk.com*